**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RICKY KAMDEM-OUAFFO trading as KAMDEM GROUP,

Plaintiff,

v.

COLGATE PALMOLIVE COMPANY, HILL'S PET NUTRITION, INC., NATURASOURCE INTERNATIONAL, LLC, LASZLO POKORNY, JOHN DOES 1-10, SARAH B. MARTINEZ, LUIS J. MONTELONGO, BENT K. POPE, DENNIS JEWELL, LYNDA MELENDEZ, SHANNON McGARAH,

Defendants.

Civil Action No.: 15-7902

**OPINION**

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on two motions to dismiss the Amended Complaint of Plaintiff Ricky Kamdem-Ouaffo ("Plaintiff" or "Kamdem"). The first Motion to Dismiss was filed by Defendants Colgate Palmolive Company ("Colgate") and Hill's Pet Nutrition, Inc. ("Hill's Pet Nutrition") (collectively, the "Colgate Defendants"). [ECF No. 28.] The second Motion to Dismiss was filed by Defendants Naturasource International, LLC ("Naturasource") and Laszlo Pokorny ("Pokorny") (collectively, the "Pokorny Defendants"). [ECF No. 15.[1]] Also before the

[1] On January 4, 2016, the Pokorny Defendants filed their Motion to Dismiss in lieu of answering Plaintiff's Complaint. [ECF No. 15.] Fifteen days later, Plaintiff filed his Amended Complaint on January 19, 2016. [ECF No. 16.] On January 25, 2016, the Pokorny Defendants filed a letter in which they made clear their intention to renew their previous Motion to Dismiss. [*See* ECF No. 23.] Accordingly, the Court treats the January 4, 2016 motion as the Pokorny Defendant's pending Motion to Dismiss.

Court is Plaintiff's Motion for Jurisdiction and Res Judicata Discovery. [ECF No. 17.] The Court finds that oral argument is not necessary in this matter and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.[2] Having considered the parties' submissions and for the reasons set forth below, the Court grants Defendants' Motions to Dismiss. The Court denies Plaintiff's Motion for Jurisdiction and Res Judicata Discovery.

## II. BACKGROUND

To quote Judge Anne E. Thompson in some of her opinions involving the Plaintiff and Defendants in this matter: "This case has an extensive history . . . ." [*See Kamdem v. Naturasource Int'l, LLC et al.*, No. 15-6290-AET-LHG (D.N.J.), ECF No. 26 at 2, ECF No. 34 at 2, ECF No. 42 at 1.] That history began in August 2013, when Kamdem filed a complaint in the Superior Court of New Jersey against a number of the Defendants named in this case alleging 13 causes of action:

Count 1: Misappropriation of Trade Secrets

Count 2: Violation of the New Jersey Trade Secrets Act ("NJSA")

Count 3: Misappropriation of Confidential and Proprietary Information

Count 4: Breach of Non-Disclosure Agreement

Count 5: Breach of Contract

Count 6: Breach of Fiduciary Duty

Count 7: Unjust Enrichment

Count 8: Breach of the Covenant of Good Faith and Fair Dealing

Count 9: Tortious Interference with Economic Advantage and Business Opportunities

Count 10: Unfair competition

[2] The Court considers any arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

Count 11: Breach of Contract

Count 12: Breach of Fiduciary Duty

Count 13: Fraud

[*See* Case No. 15-6290, ECF No. 1 at 114-122.]

This Court reiterates Judge Thompson's recitation of some of the factual and procedural background of the state court action as follows. Plaintiff Kamdem is engaged in the business of creating, manufacturing, and distributing food flavor ingredients and formulas. [*Id.*] From 2008 through 2010 he contracted with Defendant Naturasource to market his products. [*See* Case No. 15-6290, ECF No. 26 at 2.] Naturasource then engaged the services of Defendant Hill's Pet Nutrition to explore opportunities related to the product line for use in pet food. [*Id.*] Both companies signed non-disclosure agreements with Kamdem, pursuant to which Kamdem allegedly released confidential information to them in furtherance of the business relationship. [*Id.*] After the business relationship ended in 2010, Kamdem requested that his confidential information be returned and Naturasource allegedly ignored those requests. [*Id.*] In 2013, Plaintiff discovered that Hill's Pet Nutrition had filed patent applications allegedly utilizing Kamdem's proprietary information. [*Id.*]

Upon discovery of Hill's Pet Nutrition's patent applications, Kamdem filed suit against Hill's Pet Nutrition, Colgate (its parent company), Naturasource, and Pokorny (the sole member of Naturasource). [*Id.*] From 2013 through 2015, the parties engaged in discovery and unsuccessful mediation. [*Id.*] After the close of discovery, the defendants filed motions for summary judgment and Kamdem filed a cross-motion for summary judgment. [*Id.*]

Before oral argument was held on the summary judgment motions in the state court action, Kamdem filed in that action a Motion for the Removal and/or Transfer of the Complaint and Remaining Proceedings to the United States District Court for the District of New Jersey. [ECF

No. 28-1 at 13.] Kamdem also filed Notice of Removal in the United States District Court for the District of New Jersey. [*See* Case No. 15-6290, ECF No. 26 at 2.] Kamdem then sent a letter to the state court judge, the Honorable Vincent LeBlon, informing him that Kamdem would not be participating in the state court's oral argument on the motions for summary judgment. [ECF No. 28-1 at 13; *see also* ECF No. 14-2 at 44-46.] Among other things, Kamdem stated:

> Hon. Judge Leblon,
>
> I am writing this letter to you in response to the Defendants' Naturasource International LLC and Laszlo Pokorny 07/31/2015 vile personal letter to you.
>
> . . .
>
> With respect to the remaining content of the Defendant's vile letter, it smells like defeat and nothing else: it is a blatant display of utter failure to comply to the Court rules for the Motion for summary Judgment and a blatant demonstration of the Defendants' dangerous practice of communism in the State Court. Where in America does somebody claim that another person's statements is his statements and that another person answers is his answers and without even providing the basis for such claim. They must be sick in their mind. Where in Rule 4:46 does it say that a person filing a motion for summary judgment may communism rely on another person's papers and statements that is not even exhibited as part of the movant's motion record.
>
> . . .
>
> First of all Defendants NaturaSource International LLC motion for summary Judgment was untimely, but as usual maybe they are counting on some back doors phone and fax motion papers to obtain a favorable ruling on their awfully untimely motion papers. Let them continue to make more back doors phone and faxed motion papers, go ahead, go ahead for more and more communism.
>
> The defendants NaturaSource International LLC and Pokorny must at least learn how to prepare their own papers rather than communism claiming some other people papers without even attaching copies of the said papers to their pleadings. This Plaintiff is by no standard a communist and in case you are presiding over a communism tribunal you may rest assure that this Plaintiff would not have anything to do with your communism jurisdiction.

> Because the Defendants' platform is their communism agenda, and to the extent that the Court is presiding over the said Communism tribunal, this plaintiff rejects your communism jurisdiction as incompetent in this capitalism matters. You may want to have your communism tribunal with the Defendants but this plaintiff is no communist nor will this Plaintiff waste his time in communism tribunal because this Plaintiff's matter is capitalism matter, thank you!
>
> . . .
>
> The honorable thing to do is to transfer the case to the Federal Court, but everybody knows that the communism way of acting is that two wrong make it right, so why not do more wrong so they can have more right as shamefully argued by NaturaSource International LLC and Laszlo Pokorny. It is no surprise their houses and walls in their houses and offices have the statutes of their communism idols and their communism gods.
>
> Kamdem Group has not at any time requested any Oral Argument before the State Court in this matter relating to patent under an Act of the United States Congress, you don't have jurisdiction over this matter. I don't wish to waste your time and I don't wish you to waste my time.
>
> Respectfully submitted
>
> Ricky Kamdem, PhD.

[*See* ECF No. 14-2 at 42-44.] Subsequently, at the request of Judge LeBlon, counsel for Hill's Pet Nutrition sent an email to Kamdem reminding him that the oral argument was scheduled for August 20, 2015 and asking him to contact Judge LeBlon's chambers to confirm his intentions to attend the argument. [ECF No. 28-3 at 63-64.] Kamdem responded to counsel stating that "Kamdem group will not be part of any of this that you have described." [*Id.*] After holding oral argument, Judge LeBlon granted the defendant's motion for summary judgment and dismissed Kamdem's claims with prejudice. [ECF No. 28-3 at 66-67.]

Concurrently with the ongoing state court proceedings, Defendants filed in federal court a Motion to Remand the case as well as responses to other motions filed by Kamdem. [ECF No.

28-1 at 15.] On September 29, 2015, Judge Thompson granted the Motion to Remand. [Case No. 15-6290, ECF No. 26.] Judge Thompson subsequently denied Kamdem's motion for reconsideration [Case No. 15-6290, ECF No. 34] and awarded Defendants costs, finding that Kamdem "lacked an objectively reasonable basis for seeking removal" [Case No. 15-6290, ECF No. 42].

Additionally, on October 14, 2015, Kamdem filed a lawsuit against a number of individuals involved in the state court proceedings, including the attorneys and Judge LeBlon. [ECF No. 28-1 at 15; *see also Kamdem v. LeBlon, et al.*, No. 15-7481-AET-TJB (D.N.J.), ECF No. 1.] On December 21, 2015, Judge Thompson dismissed Kamdem's complaint in that action and subsequently denied reconsideration. [Case No. 15-7481, ECF Nos. 28 and 36.]

The Complaint in this action was filed on November 4, 2015 [ECF No. 1] and the Amended Complaint was filed on January 19, 2016 [ECF No. 16]. In his Amended Complaint, Kamdem alleges 26 causes of action, many of which are exact claims made in his state court complaint. [*See* ECF No. 16.] Moreover, the additional causes of action that do not appear in his state court complaint appear to rely on the same factual allegations as his state court complaint. [*Id.*] Before the Court are Defendants' motions to dismiss the Amended Complaint for lack of subject matter jurisdiction.

## III. LEGAL STANDARD

Federal courts have only limited jurisdiction to entertain certain lawsuits and therefore the party seeking to invoke federal court jurisdiction bears the burden of proving subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Under Rule 12(b)(1), "the [C]ourt's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a jurisdictional fact)." *Ezeiruaku*

*v. Bull*, 2014 WL 5587404, at *3 (D.N.J. Nov. 3, 2014) (citing *Gould Electronics Inc. v. United States*, 220 F.3d 169, 178 (3d Cir.2000)). "The substantive distinction between a facial attack and a factual attack is that in a facial attack the defendant contests the sufficiency of the complaint, while a factual attack challenges the existence in fact of federal subject matter jurisdiction." *LaLoup v. United States*, 2014 WL 3361804, at *3 (E.D. Pa. July 10, 2014).

In considering a facial challenge to subject matter jurisdiction under Rule 12(b)(1), the Court must consider "the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould*, 220 F.3d at 176; *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). Accordingly, the complaint must be dismissed if the allegations on the face of the complaint, accepted as true, fail to "allege facts sufficient to invoke the jurisdiction of the district court." *Licata v. U.S.P.S.*, 33 F.3d 259, 206 (3d Cir. 1994).

In considering a factual challenge to subject matter jurisdiction, on the other hand, the Court may consider evidence outside the pleadings (such as affidavits, depositions, testimony, and other information) to resolve the factual issues bearing on jurisdiction. *See Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000); *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). The Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and thus, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

## IV. DISCUSSION

Defendants contend that this Court lacks subject matter jurisdiction for four independent reasons: (1) the *Rooker-Feldman* doctrine; (2) *res judicata*; (3) collateral estoppel; and (4) lack of federal question or diversity of citizenship. For the following reasons, the Court agrees with Defendants as to all four arguments and will dismiss Plaintiff's Amended Complaint without prejudice.

### A. *Rooker-Feldman*

The *Rooker-Feldman* doctrine prevents federal courts from "review[ing] and revers[ing] unfavorable state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)); *see also Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008) ("The *Rooker-Feldman* Doctrine embodies [the principle that] lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding."); *Judge v. Canada*, 208 F. App'x 106, 107 (3d Cir. 2006) ("The *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction to review directly or indirectly a state court adjudication."). The Supreme Court has made clear that the doctrine operates to prevent "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. The doctrine "bars a litigant's claim and divests the District Court of subject matter jurisdiction over those claims." *Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004) (internal quotations omitted).

"[A] claim is barred by *Rooker-Feldman* . . . if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction

that the state court was wrong." *Id.* "State and federal claims are inextricably intertwined (1) when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered [or] (2) when the federal court must . . . take action that would render [the state court's] judgment ineffectual." *ITT Corp. v. Intelnet Intern.*, 366 F.3d 205, 211 (3d Cir. 2004) (internal quotations omitted).

Counts 1-4 and 7-13 in Plaintiff's Amended Complaint are virtually identical to those asserted in the state court action. The only differences appear to be Plaintiff's addition of the words "With Regard to Plaintiff's Patentable and Now Patented Inventions and Confidential Information in Foreign Patent Applications." [*See* ECF No. 16 at 129-229.] Additionally, Plaintiff has added into the Amended Complaint allegations about the state and federal court litigations, themselves. [*See id.*] However, these factual allegations do not materially change the causes of action being asserted and actually serve to underscore the identity between the causes of action in the Amended Complaint and those asserted in the state court action.

Plaintiff has already lost on these claims in state court. Specifically, on December 6, 2013, the state court dismissed Plaintiff's tortious interference (Count 9), breach of contract (Count 11), and breach of fiduciary duty (Count 12) claims. [*See* ECF No. 28-3 at 87-88.] The state court also dismissed all of the pending claims against Colgate at that time. [*Id.*] The claims of misappropriation of trade secrets (Count 1), violation of the NJTSA (Count 2), misappropriation of novel, patentable, confidential, and proprietary information (Count 3), breach of a non-disclosure agreement (Count 4), unjust enrichment (Count 7), breach of the covenant of good faith and fair dealing (Count 8), unfair competition (Count 10), and fraud (Count 13) were decided in favor of the Defendants on summary judgment on August 20, 2015. [ECF No. 28-1 at 21; *see also* ECF No. 28-3 at 66-67.]

In order for Plaintiff to prevail on any of these causes of action, this Court would have to determine that the "state court was wrong" in those decisions. *See Walker*, 385 F.3d at 329. Furthermore, in order to grant Plaintiff the relief he seeks, this Court would have to determine that the two state court judgments were erroneously entered and take action that would render those judgments ineffectual. *See ITT Corp*, 366 F.3d at 211. Accordingly, this Court finds that those causes of action from Plaintiff's Amended Complaint identified above are inextricably intertwined with Plaintiff's state court claims and are therefore barred by the *Rooker-Feldman* doctrine.

**B. *Res Judicata***

Defendants raise the defense of *res judicata*, which bars all claims that were, or could have been, brought in a previous litigation. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). "The purpose of res judicata is to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

*Res judicata* (also referred to as "claim preclusion") bars suit when the following three factors are present: "(1) the final judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to, or in privity with, those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *Hogg's v. New Jersey*, 352 F. App'x 625, 629 (3d Cir. 2009) (internal citation omitted). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

Here, as discussed above, the state court action resulted in all of Plaintiff's claims in that action being either dismissed or decided in favor of Defendants on summary judgment. In New

Jersey state court, each of these decisions is considered a "final judgment on the merits" for *res judicata* purposes. *See Velasquez v. Franz*, 123 N.J. 498, 508 (1991) ("[A] dismissal under Rule 4:6-2(e), New Jersey's analogue to Federal Rule of Civil Procedure 12(b)(6), has also operated as an adjudication on the merits for *res judicata* purposes."); *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519 (3d Cir. 1973) ("[T]he law is clear that summary judgment is a final judgment on the merits sufficient to raise the defense of *res judicata* in a subsequent action.").

The parties in this case are identical to, or in privity with, the parties in the state court action. The original Complaint was filed by the same plaintiff (Kamdem) against the exact same four defendants (Colgate, Hill's Pet Nutrition, Naturasource, and Pokorny) as the state court action. Plaintiff's Amended Complaint adds six additional individual defendants who Plaintiff claims are "required part[ies]" because their "inventorship on the patent application will be affected if the Court should Order correction of inventorship in favor of the Plaintiff." However, the addition of these defendants does not change the issue of *res judicata* as between Plaintiff and the original four Defendants. *Schneider v. United States*, No. 06-3200, 2007 U.S. Dist. LEXIS 92591, at *17 (D.N.J. Dec. 17, 2007) ("It is immaterial to considerations of *res judicata* that Plaintiff has named additional defendants in this case.").

As discussed above, Counts 1-4 and 7-13 in Plaintiff's Amended Complaint are virtually identical to those asserted in the state court action. Moreover, all of the additional claims asserted by Plaintiff in his Amended Complaint arise out of the same transaction or occurrence as the claims in the state court case—namely, the filing of patent applications that allegedly utilized Plaintiff's information. Plaintiff could have brought any of these claims at any time during the state court proceedings but he did not. Thus all of Plaintiff's claims are barred by *res judicata*. *See Petrossian*

*v. Cole*, 613 F. App'x 19, 112 (3d Cir. 2015) (holding that *res judicata* barred new legal theories that were based on the same material facts alleged in a prior suit).

**C. Collateral Estoppel**

Defendants raise the defense of collateral estoppel, which precludes relitigation of an issue. Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine operates to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *Id.*

Collateral estoppel (also known as "issue preclusion") applies when the following five factors are present: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to the earlier proceeding. *Caver v. City of Trenton*, 420 F.3d 243, 259 (3d Cir. 2005).

Here, there is one issue that is common to every claim that Plaintiff alleges in his Amended Complaint—whether Defendants misappropriated or otherwise misused Kamdem's information by filing a patent application. That issue was already decided by the state court in each of its final judgments on the merits. The determination of that issue was the most essential determination in those judgments. And that determination was made against Kamdem, the same Plaintiff in this case. Thus, Plaintiff is barred from relitigating that question by the doctrine of collateral estoppel. As that question is essential to every one of his claims, his entire Amended Complaint must be dismissed.

**D. Lack of Federal Question or Diversity of Citizenship**

Lastly, notwithstanding the question of whether the issues in this case have already been asserted or decided, this Court lacks subject matter jurisdiction over Plaintiff's claims. It is undisputed that Plaintiff Kamdem and Defendants Naturasource and Pokorny are all residents or citizens of New Jersey. Thus, there is no "complete diversity of citizenship" required to invoke this Court's jurisdiction under 28 U.S.C. § 1332.

As for federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff contends that his allegations relating to patents bring this case within the Court's jurisdiction. *See* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ."). However, the Court of Appeals for the Federal Circuit has made clear that "[t]he mere presence of patent issues in a case does not lead to a conclusion that the case arises under the patent laws." *Nokia Corp. v. InterDigital, Inc.*, 275 F. App'x 962, 963 (Fed. Cir. 2008); *see also Uroplasty Inc. v. Advanced Uroscience, Inc.*, 239 F.3d 1277, 1280 (Fed. Cir. 2001) ("the mere presence of the patent [in the pleadings] does not create a substantial issue of patent law.") In Plaintiff's previous attempts to litigate his state court action in this district court, Judge Thompson decided that Kamdem's allegation that Defendants used his information to file patent applications does not turn this trade secret case into a case regarding federal questions of patent law. [*See* Case No. 15-6290, ECF No. 26 at 5 ("While the Complaint does reference some facts related to patent applications, the mere presence of a patent or patent application in the facts of a case does not create a cause of action arising under patent law.").] Plaintiff's claims are state law claims arising out of allegations that Defendants breached contracts and misappropriated his proprietary information. These claims do not present federal questions.

Plaintiff has attempted to create the appearance of a patent claim by seemingly challenging "inventorship" and wrongful assignment of "inventions." [*See* ECF No. 16 at Counts 5, 16, 18,

20, 21, 22.] However, it is undisputed that there is no United States patent at issue in this case. Plaintiff's allegations pertain to two patent *applications* filed pursuant to the Patent Cooperation Treaty ("PCT")—Application Nos. PCT/US11/46422 and PCT/US11/67713—neither of which has issued as a United States patent.[3] This Court does not have jurisdiction over inventorship issues relating to those applications. *See Eli Lily & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1357 n.1 (Fed. Cir. 2004) ("The text of 35 U.S.C. [§] 116 . . . plainly does not create a cause of action in the district courts to modify inventorship on pending patent applications.").

Plaintiff cites *Chou v. University of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001) for the proposition that a PCT applicant can be ordered to change the inventorship designation on the foreign patent applications. In *Chou*, however, the district court had jurisdiction to evaluate inventorship only because it was in question with respect to issued United States patents. *Id.* at 1360; *see Saint-Gobain Ceramics & Plastics, Inc. v. Yuhu Wang*, Civil Action No. 07-40129, 2008 U.S. Dist. LEXIS 53746, at *15 (D. Mass. June 27, 2008) (rejecting Plaintiff's reading of *Chou* and concluding that the language of that case "limits a district court's ability to correct pending PCT inventorship claims to situations where a court has already determined the inventorship of an issued United States patent"); *see also Airport Surface Techs., L.L.C. v. FieldTurf, Inc.*, 268 F. Supp. 2d 999, 1003 (N.D. Ill. 2003) ("*Chou* never reached the issue of whether or not the district court has jurisdiction to grant declaratory relief over issues of inventorship involving solely pending patent applications."). Here, like in *Saint-Gobain* and *Airport Surface*, there are no issued United States patents and thus this Court does not have jurisdiction over the inventorship issues with respect to the PCT applications.

---

[3] Plaintiff argues that the applications have issued as Canadian and European patents. [ECF No. 29 at 9-10.] This Court makes no finding as to whether Plaintiff should be barred from bringing claims against Defendants in Canada or Europe.

### E. Plaintiff's Motion for Jurisdiction and *Res Judicata* Discovery

Plaintiff's Motion for Jurisdiction and *Res Judicata* Discovery does not identify a single piece of information that Plaintiff could learn through discovery that would establish jurisdiction in this case. The judgments of the state court and of Judge Thompson are matters of public record and they clearly demonstrate the long history of the litigation between these parties during which the issues raised by Plaintiff in his Amended Complaint have been decided. Furthermore, it is unclear what discovery Plaintiff could seek that would turn this state law trade secret case into a federal patent case. Accordingly, Plaintiff's motion is denied.

## V. CONCLUSION

Having reviewed the parties' submissions, the Court grants Defendants' Motions to Dismiss without prejudice. The Court denies Plaintiff's Motion for Jurisdiction and Res Judicata Discovery. An appropriate Order accompanies this Opinion.

Dated: October 26, 2016

CLAIRE C. CECCHI, U.S.D.J.