NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY KAMDEM-OUAFFO trading as KAMDEM GROUP,<br><br>Plaintiff,<br><br>v.<br><br>COLGATE PALMOLIVE COMPANY, *et al.*,<br><br>Defendants. | Civil Action No.: 15-7902<br><br>OPINION |

**CECCHI, District Judge.**

<u>**INTRODUCTION**</u>

This matter comes before the Court on the motion to dismiss (ECF No. 62) (the "Motion") filed by Defendants Colgate-Palmolive Co. and Hill's Pet Nutrition (together, the "Colgate Defendants"). The Colgate Defendants seek to dismiss pro se Plaintiff Ricky Kamdem-Ouaffo's ("Plaintiff" or "Kamdem") Third Amended Complaint ("TAC") (ECF No. 59). Also before the Court are Plaintiff's motions to amend this Court's Mediation Order (ECF No. 73) and motion for reinstatement of a previously named defendant (ECF No. 74) (together with ECF No. 73, "Plaintiff's Motions"). The Court decides the Motion and Plaintiff's Motions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' submissions and for the reasons set forth below, the Court **GRANTS** the Colgate Defendants' Motion and **DENIES** Plaintiff's Motions.

1

**BACKGROUND**

Plaintiff filed this lawsuit claiming that his proprietary pet food flavoring information had been stolen and used by others for profit. ECF No. 59 at 3–4. The Court notes, however, that this is not a straightforward intellectual property case, as Plaintiff's TAC consists of 159 pages (578 pages with exhibits) and Plaintiff's papers at times refer to irrelevant and inappropriate matters. *See* ECF No. 63 at 7 ("[I]t is obvious to plaintiff that the Defendants' request for sanctions is motivated and fueled by their animus prejudices such as sexual intercourse activities, hatred, and racial bases."); id. ("Plaintiff Admits to the Court that Plaintiff makes it no secret that he is not a Communist."); ECF No. 82 at 2 ("And I suspect that you have also personally been hiding and trying to protect your life from being taken or sacrificed to the gods of communism.").[1] Nonetheless, these inappropriate comments have in no way influenced this Opinion, and the Court has construed the TAC liberally and examined the relevant arguments made in favor of, and in opposition to, dismissal of this matter.[2]

---

[1] Plaintiff has had other matters dismissed for failing to adequately state a claim, failing to comply with the Federal Rules of Civil Procedure, and including inappropriate and unrelated assertions in his papers. *See Kamdem-Ouaffo v. Plaza Square Apartments*, 2021 WL 141463, at *2 (3d Cir. Jan. 15, 2021) ("In closing, we note that some of Appellant's filings in this case have contained inappropriate content, including unnecessary, offensive remarks directed at the other parties, their counsel, court staff, and the presiding District Court Judge. That content had no bearing on our disposition of this appeal, but we hereby admonish Appellant for including that content and warn him that he could face sanctions if he were to include similar content in any future filing in this Court."); *Kamdem-Ouaffo v. Huczko*, No. 19-2231, 2020 WL 1933265, at *3 (3d Cir. Apr. 22, 2020) ("The District Court provided Kamdem-Ouaffo, an experienced pro se litigant, with multiple opportunities to properly plead his case. . . . That the District Court's efforts were met with unwavering unwillingness to comply with basic rules of procedure just means that we have adequate grounds to affirm the District Court's judgment, and we do so."). Although the Colgate Defendants focused their arguments for dismissal on the doctrines of *Rooker-Feldman*, *res judicata*, and collateral estoppel, the claims in the TAC are at times difficult to decipher and may not allege all necessary elements.

[2] The Colgate Defendants also seek to impose sanctions on Plaintiff, asserting that "[g]iven [Plaintiff]'s five year history of incessant, non-meritorious filings against Defendants fraught with blatant misrepresentations and fabricated allegations . . . Defendants should not be forced to continue to suffer the immense time, expense, and burden that [Plaintiff]'s inappropriate actions

The following facts are taken from the TAC and documents in Plaintiff's various related cases. This case began in August 2013 when Kamdem filed a complaint in the Superior Court of New Jersey, Middlesex County against a number of defendants, including those named in this case, alleging that his proprietary food flavoring information had been misappropriated. *See* Case No. 15-6290, ECF No. 1 at 109–124.[3] Kamdem asserts that he is engaged in the business of creating, manufacturing, and distributing food flavor ingredients and formulas. ECF No. 59 at 5. From 2008 through 2010 Plaintiff contends that he contracted with non-party Naturasource[4] to market his products. Id. at 45, 61. Naturasource then allegedly engaged the services of Defendant Hill's Pet Nutrition to explore opportunities to use Plaintiff's products in pet food. Id. at 46–47.

---

impose." ECF No. 62-1 at 29–30. The Court will not issue sanctions at this time, but cautions Plaintiff that he has been warned of abusing the judicial system in other matters and should proceed carefully. *See Kamdem-Ouaffo v. Task Mgmt. Inc.*, Nos. 17-7506-NLH, 18-298, 2018 WL 3360762, at *25, n.23 (D.N.J. July 9, 2018) (stating that if Plaintiff continued to excessively contact the opposing party, "this Court will not hesitate to sanction Plaintiff").

[3] Kamdem was initially represented by counsel in the state court matter, though he eventually proceeded pro se in that case and filed documents there that were of an inflammatory nature as well. *See* ECF No. 14-2 at 42–44 (Letter in state court case stating: "This Plaintiff is by no standard a communist and in case you are presiding over a communism tribunal you may rest assure[d] that this Plaintiff would not have anything to do with your communism jurisdiction."). Kamdem ultimately declined to participate in the state court proceeding after oral argument was scheduled, writing in a letter to the Court that "both the State Court and the Defendants are responsible for being in the wrong jurisdiction, and before a Judge who has no power, the wrong Judge . . . . Kamdem Group has not at any time requested any Oral Argument before the State Court in this matter relating to patent under an Act of the United States Congress, you don't have jurisdiction over this matter. I don't wish to waste your time and I don't wish you to waste my time." Id. at 44.

[4] Naturasource was previously named as a Defendant in this matter, but Kamdem dropped his claims against Naturasource in the TAC. The Court notes that the TAC discusses Plaintiff's termination of his relationship with Naturasource in a heading. ECF No. 59 at 59 (initial capitalization in original) ("The Owner Of Natural [sic] Source International LLC, Laszlo Pokorny, Had A Secret Ethical Dilemma With Plaintiff's NFSF™ Products and Technology Thereof Stemming From The Bad Experience Of His Parents' Pets Dying At Young Age After Been [sic] Placed On Hill's Brand Pet Foods, Accordingly Upon Seeing First Hand How Effective Plaintiff's NFSF™ Products Were For Improving The Palatability Of Commercial Pet Foods The Owner Of NaturaSource International LLC Developed An Aversion Against Plaintiff And Plaintiff's NFSF™ Products And Decided To Unprofessionally Terminate Business Relationship With Plaintiff and Plaintiff's Kamdem Group.").

Kamdem then allegedly released confidential information to both companies under the protection of a non-disclosure agreement. Id. at 47. After the alleged business relationship ended, Kamdem states that he requested that his confidential information be returned and Naturasource allegedly ignored those requests. Id. at 61. In 2013, Plaintiff discovered that Hill's Pet Nutrition had filed patent applications allegedly utilizing Kamdem's proprietary information. Id. at 63.

After learning of Hill's Pet Nutrition's patent applications, Kamdem filed suit against Hill's Pet Nutrition, Colgate (the parent company of Hill's Pet Nutrition), Naturasource, and additional defendants in the Superior Court of New Jersey. Id. at 10. In his state court case, Kamdem asserted claims of (1) misappropriation of trade secrets; (2) violation of the New Jersey Trade Secrets Act; (3) misappropriation of confidential and proprietary information; (4) breach of Hill's Confidential Disclosure Agreement with Naturasource; (5) unjust enrichment; (6) breach of the covenant of good faith and fair dealing; (7) tortious interference with economic advantage and business opportunities; (8) unfair competition; (9) breach of contract; (10) breach of fiduciary duty; and (11) common law fraud. *See Ricky Emery Kamdem Ouaffo t/a Kamdem Group v. Colgate et al.*, Civ. No. MID-L-5527-13, (N.J. Super. Ct., Law Div.). All claims asserted against Colgate in state court were initially dismissed without prejudice on January 17, 2014 and Colgate was dismissed from the case except for discovery purposes. ECF No. 14-2 at 15. The remaining defendants, including Hill's Pet Nutrition, filed motions for summary judgment and Kamdem filed a cross-motion for summary judgment as well as a motion to reinstate his claims against Colgate. Case No. 15-6290, ECF No. 26 at 3. On August 20, 2015, the state court judge, the Honorable Vincent LeBlon, held oral argument and granted the remaining defendants' motions for summary judgment, denied Kamdem's cross-claims and motion to reinstate Colgate, and dismissed Kamdem's complaint in its entirety with prejudice. ECF No. 14-2 at 20. Judge LeBlon found that

"there is no basis for any of the plaintiff's claims contained in his complaint, and accordingly, I'm going to grant the -- the motion for summary judgment." Id.

On October 14, 2015, Kamdem filed a lawsuit against a number of individuals involved in the state court proceedings, including the defendants' attorneys and Judge LeBlon. ECF No. 28-1 at 15; *see also Kamdem v. LeBlon, et al.*, No. 15-7481 (D.N.J.). On December 21, 2015, the District Court dismissed Kamdem's complaint in that action and subsequently denied reconsideration. Case No. 15-7481, ECF Nos. 28 and 36.

The complaint in the instant action was filed on November 4, 2015 (ECF No. 1) and an amended complaint was filed on January 19, 2016 (ECF No. 16). The Colgate Defendants and Naturasource moved to dismiss the amended complaint in early 2016 and the Court dismissed the amended complaint without prejudice on October 26, 2016, finding that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine, that Plaintiff's suit was barred under the doctrines of res judicata and collateral estoppel, and that Plaintiff had failed to establish a federal question or diversity of citizenship. ECF No. 36 at 8. Plaintiff filed a second amended complaint on September 8, 2017 (ECF No. 46), but filed a notice of voluntary dismissal as to that pleading on November 2, 2017 (ECF No. 54). On April 9, 2018, the Court entered an order granting Plaintiff the opportunity to file a final amended complaint. ECF No. 56. Plaintiff filed the TAC on November 14, 2018. ECF No. 59. The Colgate Defendants moved to dismiss the TAC on December 12, 2018 (ECF No. 62),[5] Plaintiff filed a brief in opposition on December 14, 2018 (ECF No. 63), and the Colgate Defendants replied on December 26, 2018 (ECF No. 64).[6]  This

---

[5] The Colgate Defendants contend that additional individual defendants who are alleged to be employees of the Colgate Defendants were not properly served in this matter. ECF No. 62-1 at 7–8.

[6] Plaintiff also has two pending motions at this time. ECF Nos. 73 and 74.  The first motion is styled as a motion to amend the Court's Mediation Order.  The Mediation Order indicated that if mediation proved unsuccessful, Defendants' motion to dismiss would be reinstated. ECF No. 71 Plaintiff's motion sought to alter the Mediation Order so that the Court would automatically

matter was referred to mediation on September 30, 2019, but the parties were unable to reach a settlement and the Motion was reinstated in December 2019.[7]

**LEGAL STANDARD**

Federal courts have limited jurisdiction to entertain certain lawsuits and therefore the party seeking to invoke federal court jurisdiction bears the burden of proving subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Under Rule 12(b)(1), "the [C]ourt's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a jurisdictional fact)." *Ezeiruaku v. Bull*, 2014 WL 5587404, at *3 (D.N.J. Nov. 3, 2014) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). In considering a factual challenge to subject matter jurisdiction, the Court may

---

dismiss the Colgate Defendants' Motion with prejudice if mediation was unsuccessful. ECF No. 73. Plaintiff has provided no legal argument to support his requested relief and the Court denies the motion to amend the Mediation Order as the Colgate Defendants' Motion is being considered on its merits. The second motion seeks to reinstate Laszlo Pokorny as a defendant in this matter. ECF No. 74. Plaintiff had a final chance to file an amended complaint in April 2018 (ECF No. 56) and chose not to include Pokorny as a defendant in the TAC (ECF No. 59). Plaintiff does not provide an adequate basis to amend the TAC to add Pokorny and doing so would not change this Court's analysis. Therefore, this motion is also denied.

[7] Plaintiff has requested that I recuse myself from this case as he claims that my decision to send this case to mediation "was a very calculated and planned corruption scheme." ECF No. 83 at 1; *see also* ECF Nos. 84 and 86 (additional letters from Plaintiff regarding recusal). Recusal is not proper, however, where a party simply disagrees with a judge's legal rulings or management of the case. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). The Court's referral of this matter to mediation in furtherance of case management was done in the interests of justice for the benefit of all parties. Accordingly, Plaintiff's request for recusal is denied.

The Court is also in receipt of two letters from Plaintiff wherein he informs the Court that he will not pay the Mediator's fees. *See* ECF Nos. 81–82. However, the Mediator already previously informed Plaintiff that he was not responsible for any mediation fees.

consider evidence outside the pleadings (such as affidavits, depositions, testimony, and other information) to resolve the factual issues bearing on jurisdiction. *See Gould*, 220 F.3d at 176; *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437–38 (D.N.J. 1999). The Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and thus, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In the present case, the Colgate Defendants have asserted a factual challenge to the Court's subject matter jurisdiction over this case under the *Rooker-Feldman* doctrine. *See Mirayes v. O'Connor*, No. 13-0934, 2013 WL 6501741, at *3 (D.N.J. Dec. 11, 2013) ("Defendants' jurisdictional challenge, relying on the *Rooker-Feldman* doctrine, is a factual challenge."). The Colgate Defendants also seek to dismiss this matter on the basis of res judicata and collateral estoppel. Those arguments and the applicable legal standards will be addressed below.

**DISCUSSION**

The Colgate Defendants argue that Plaintiff has failed to rectify the deficiencies that plagued his prior pleadings and contend that the TAC must be dismissed because the Court lacks jurisdiction to hear this case under the *Rooker-Feldman* doctrine. ECF No. 62-1. In the alternative, as discussed above, the Colgate Defendants argue that Plaintiff's suit is barred under the doctrines of res judicata and collateral estoppel. The Court will address each argument in turn.

**A.  *Rooker-Feldman***

The *Rooker-Feldman* doctrine prevents federal courts from "review[ing] and revers[ing] unfavorable state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)); *see Judge v. Canada*, 208 F. App'x 106, 107 (3d Cir. 2006)

("The *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction to review directly or indirectly a state court adjudication."). In the TAC, Plaintiff brings various claims that hinge on the allegation that the Colgate Defendants misused his proprietary information in violation of an agreement. That same allegation was at the core of Plaintiff's claims that were already litigated to finality in the state court action based on the same fundamental dispute between Plaintiff and the defendants in this case. *See* ECF No. 14-2 at 50 (state court order dismissing Plaintiff's complaint based on alleged misappropriation of same information in its entirety with prejudice). Accordingly, the claims in the TAC cannot be decided in Plaintiff's favor without upsetting the previously entered state court judgment because they rely on the same allegations pertaining to Plaintiff's proprietary information that Judge LeBlon previously found to be without merit, and therefore the Court does not have subject matter jurisdiction to decide them.

The *Rooker-Feldman* doctrine applies to certain cases that satisfy the following criteria: "'[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments.'" *Malhan v. Sec. U.S. Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). The present case is one which fits into the requirements of the *Rooker-Feldman* doctrine. Kamdem lost his suit filed in state court, is complaining of the same issues litigated there, the state court case is final and was dismissed with prejudice before this case began, and Kamdem asks this Court to effectively overrule the state court judgment by granting his requested relief.

As to the first factor, Plaintiff argues that the *Rooker-Feldman* doctrine is inapplicable here because the state court's initial dismissal of certain claims on January 17, 2014 was without prejudice, but that does not alter this Court's analysis. The later grant of summary judgment on August 20, 2015 in the state court case involved the same issues at play here and constitutes a final

8

judgment where Judge LeBlon also denied Kamdem's motion to reinstate the previously dismissed claims and defendants, and entered an order dismissing the complaint "in its entirety" with prejudice. *See* ECF No. 14-2 at 23 ("[Plaintiff's] request to reinstate all causes of action of the plaintiff's complaint is denied. He's not provided any legal or factual basis for doing so. Same with his request to reinstate Colgate-Palmolive as a co-defendant, that is denied. He's not provided any legal or factual basis to do so."); id. at 50 ("Plaintiff's Complaint is hereby dismissed in its entirety with prejudice."). Moreover, there is little doubt that there was a final judgment in the state court action because Kamdem has undeniably run out of time to appeal that judgment. *See Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005) ("[I]f the state action has reached a point where neither party seeks further action, then the state proceedings have also 'ended.' For example, if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended."). Kamdem's time to appeal the judgment from 2015 has long since expired, and that judgment is "final" for purposes of this analysis.[8]

Next, as to the second factor, it is largely undisputed that Kamdem complains of the state court judgment in the TAC, as his own papers acknowledge that both lawsuits involve the same parties, business dealings, and alleged agreements. *See* ECF No. 67 at 4 (Plaintiff acknowledging that the facts of this case "are the same set of facts upon which [the state court Judge] based the

---

[8] Kamdem recently filed a letter claiming that the Third Circuit's decision in *Kamdem-Ouaffo v. Plaza Square Apartments* makes it clear that all of his state law claims were not dismissed with prejudice. ECF No. 87 at 3. Kamdem's reading of that decision is incorrect and inapplicable to this matter, as there the Third Circuit simply observed in a footnote that claims that were voluntarily dismissed prior to the District Court's dismissal with prejudice order were not subject to that order. *See Kamdem-Ouaffo*, No. 19-2719, 2021 WL 141463, at *2 n.3 (3d Cir. Jan. 15, 2021). Here, in stark contrast, Kamdem's claims were first dismissed without prejudice (not voluntarily dismissed) and then his motion to reinstate those claims was denied, and the entire complaint was dismissed with prejudice. Given these significant procedural and factual differences, the Court is unswayed by Kamdem's argument on this factor.

9

01/2014 Decision" and resulted in a dismissal of the complaint in its entirety with prejudice by Judge LeBlon). As the TAC's main grievance is that the state court action was decided incorrectly, this factor is also met. *See Somerset v. New Jersey*, No. 17-993, 2018 WL 6705698, at *7 (D.N.J. Dec. 20, 2018) (finding *Rooker-Feldman* doctrine applicable where "[t]he grievance at the heart of this federal-court complaint is that the State trial court denied [plaintiff]'s claim of breach of contract.").

As to the third factor, it is evident that the state court judgment was rendered before this matter began. This suit clearly post-dates the state court action, as the state court complaint was dismissed with prejudice in its entirety on August 20, 2015, and Kamdem filed this suit close to three months later on November 4, 2015. *See* ECF No. 62-1 at 13.

Finally, the last *Rooker-Feldman* factor is present here because in order to rule in favor of Plaintiff on his claims in the TAC and grant Plaintiff's requested relief, the Court would have to reject the prior final state court judgment. *See* ECF No. 14-2 at 20 ("[T]he key issue before the [State] Court . . . is whether the defendant, Hills used plaintiff's confidential information inappropriately and whether the plaintiff's information could possibly qualify [for] trade secret protection. . . . I find, and I believe that, indeed, there is no basis for any of the plaintiff's claims contained in his complaint, and accordingly, I'm going to grant the -- the motion for summary judgment."); ECF No. 59 at 158 (The TAC requests that the Court "award[] Plaintiff all the benefits realized and/or to be realized by Colgate Palmolive Company and Hill's Nutrition Inc. from the manufacturing and sales of Hill's brand pet food into which Hill's and Colgate incorporated Plaintiff's NFSF™ Confidential Information."); *see also* ECF No. 62-1 at 14 n.3 (noting that the TAC acknowledges that these claims are virtually identical to the claims that Kamdem lost on in the prior state court action). Accordingly, as Plaintiff's claims in the TAC are "inextricably intertwined" with the claims that were dismissed in their entirety with prejudice in state court, this

10

Court lacks jurisdiction to decide these claims under the *Rooker-Feldman* doctrine. *See Nemeth v. Office of the Clerk of the New Jersey Superior Court*, No. 19-16809, 2020 WL 2537754, at *4 (D.N.J. May 19, 2020) (quoting *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005)) ("A federal claim is 'inextricably intertwined' with an adjudicated issue in state court when either of the following two conditions are satisfied: '(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment.").

The Court finds that it lacks subject matter jurisdiction over the TAC under the *Rooker-Feldman* doctrine. Nevertheless, it will consider the Colgate Defendants' additional arguments as they provide alternative bases for dismissal of the TAC.

### B.  Res Judicata

The Colgate Defendants also contend that Plaintiff's claims are barred under the doctrine of res judicata. ECF No. 62-1 at 17.  Res judicata bars a claim when the following three factors are present: "(1) the final judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to, or in privity with, those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *Hogg's v. New Jersey*, 352 F. App'x 625, 629 (3d Cir. 2009) (internal citation omitted).  "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).  The three factors listed above are present here as the prior state court action (1) ended in a final judgment on the merits when Judge Leblon granted summary judgment against Plaintiff and dismissed the complaint in its entirety with prejudice, (2) involved Plaintiff and the Colgate Defendants, and (3) concerned the alleged misuse of Plaintiff's proprietary information and the fallout from the parties' business relationship.  While the TAC names additional individual

defendants who were not present in the state court action and, according to Plaintiff, involves new claims raised for the first time, that does not change the res judicata analysis as Plaintiff is still seeking to relitigate matters arising out of the same transaction or occurrence that were decided on the merits previously by a final judgment. *See Schneider v. United States*, No. 06-3200, 2007 WL 4440976, at *6 (D.N.J. Dec. 17, 2007) ("It is immaterial to considerations of res judicata that Plaintiff has named additional defendants in this case."); *Gonzalez-Cifuentes v. I.N.S.*, 253 F. App'x 173, 175 (3d Cir. 2007) ("*Res judicata* applies both to claims actually raised in the prior action and claims which could have been raised but were not."). In the alternative, Plaintiff's TAC is therefore barred by res judicata.

### C. Collateral Estoppel

The Colgate Defendants also raise the defense of collateral estoppel, which precludes relitigation of an issue. ECF No. 62-1 at 15. Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCury*, 449 U.S. 90, 94 (1980). Collateral estoppel is warranted when "(1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." *Caver v. City of Trenton*, 420 F.3d 243, 259 (3d Cir. 2005) (citing *Hennessey v. Winslow Township*, 183 N.J. 593, 599 (2005)).

The Court previously found that "there is one issue that is common to every claim that Plaintiff alleges in his Amended Complaint—whether Defendants misappropriated or otherwise misused Kamdem's information by filing a patent application. That issue was already decided

12

by the state court in its final judgment on the merits." ECF No. 36 at 12. The same issue remains vital to the TAC, which still contains allegations that the Colgate Defendants misused Plaintiff's proprietary information to the detriment of Plaintiff.[9] *See, e.g.*, ECF No. 59 ¶ 372 ("Plaintiff sustained damages with regard to the ability to manufacture, market, distribute and sell Plaintiff's NFSF™ products and Technology."); ¶ 382 (Defendants "secretly used confidential commercial, business and/or technical information of Plaintiff's Kamdem Group's NFSF™ products."); ¶448 (Defendants "obtained WIPO/PCT National Stage patents and launch[ed] commercial pet food products with Plaintiff['s] confidential information."). As this key issue has already been litigated and decided on the merits in a final judgment in a case involving the parties present here, and as this issue remains vital to all of Plaintiff's claims in the TAC, including those Plaintiff contends are raised for the first time,[10] Plaintiff cannot succeed on his

---

[9] For the sake of completeness, the Court notes that the Colgate Defendants also contend that Plaintiff is not a party to the non-disclosure agreement that Plaintiff claims gives rise to his claims here. *See* ECF No. 64 at 3 ("Kamdem bases his various allegations in the Third Amended Complaint [on] a Mutual Confidential Disclosure Agreement ('NDA') between Hill's and NaturaSource International LLC . . . . Kamdem is simply not a party to the NDA. Kamdem certainly cannot assert viable claims on the basis of an NDA to which he was not even a party."). The Court need not reach this additional argument at this time.

[10] Plaintiff asserts that he has raised a number of new claims for the first time in the TAC: count eight (negligence and negligent misrepresentation with respect to the nondisclosure agreement), count nine (violation of the Lanham Act for trademark infringement), and count ten (Kansas Uniform Trade Secrets Act). The Colgate Defendants note that these claims are new in name only. ECF No. 62-1 at 14 ("Likewise, the fact that Kamdem changed the wording of some of the counts does not change the underlying causes of action being asserted. For example, counts Three, Ten, and Eleven, on their face, appear to be new claims as they reference 'tortious interference with a mutual disclosure agreement,' the Kansas Uniform Trade Secrets Act, and 'conspiracy, collusion, aiding and abetting.' But as admitted by Kamdem, these claims were previously the Fourth, First, and Thirteenth counts, respectively, in the First Amended Complaint, which was rejected by this Court because it was duplicative of the claims in the State Court action that Kamdem lost."). In addition, Plaintiff's claims under the Lanham Act for trademark infringement appear to fail to state a claim because he presents no factual allegations to show that he has a valid and protected mark, as is required to allege a *prima facie* Lanham Act claim. *See A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000) ("[A] plaintiff must demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a

claims. *See Lin v. Hudson City Savings Bank, et al.*, No. 18-15387, 2019 WL 4043946, at *9 (D.N.J. Aug. 27, 2019) ("Plaintiffs seek to re-litigate before this Court an identical issue for which a judgment on the merits was rendered . . . . Accordingly, the doctrine of collateral estoppel bars Plaintiffs' suit as well.").[11] Thus, in the alternative, Plaintiff's TAC is barred by the doctrine of collateral estoppel because all of its claims hinge on an issue which cannot be relitigated.

## **CONCLUSION**

For the reasons stated above, the Court **GRANTS** the Colgate Defendants' motion to dismiss (ECF No. 62) and denies Plaintiff's pending motions (ECF Nos. 73-74). The TAC is dismissed with prejudice under *Rooker-Feldman*, and alternatively under the doctrines of res judicata and collateral estoppel. Additionally, the Court finds that further amendment would be futile. *See Hilton v. Whitman*, No. 04-6420, 2006 WL 1307900, at *2 (D.N.J. May 10, 2006)

---

likelihood of confusion."); *see also Arrow Fastener Co. v. Stanley Works*, 59 F.3d 384, 390 (2d Cir. 1995) (citation omitted) ("To prevail under this statute, the plaintiff must show that 'it has a valid mark entitled to protection and that the defendant's use of it is likely to cause confusion.'").

Further, even if such claims are distinct from those previously asserted, that alone does not mean that the claims are not barred under the doctrines of collateral estoppel or res judicata if the relevant factors are met. *See In re Miller*, 741 F. App'x 859, 862 (3d Cir. 2018) ("[C]ollateral estoppel does not require that the causes of action be identical."); *see also CoreStates Bank, N.A.*, 176 F.3d at 194 (quoting *United States v. Athlone Indus.,* 746 F.2d 977, 984 (3d Cir. 1984) ("In deciding whether two suits are based on the same cause of action, [for *res judicata* analysis], we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'"). This applies even to Plaintiff's Kansas Uniform Trade Secrets Act Claim, as that claim is based upon issues already litigated in state court and could have been brought there as it is based on the non-disclosure agreement at the center of Kamdem's claims in that case. *See* ECF No. 14-2 at 81 (state court complaint discussing same non-disclosure agreement between Hill's Pet Nutrition and Naturasource that Plaintiff cites to in the present case as the basis for his Kansas state law claim).

[11] As to issues concerning diversity jurisdiction, which the Colgate Defendants raise, Plaintiff has dropped defendants Naturasource and Pokorny who destroyed complete diversity of citizenship in the previous complaint.

14

(Dismissal with prejudice is "appropriate if amendment would be inequitable or futile."). [12]  An appropriate Order accompanies this Opinion.

**DATE:** January 31, 2021

_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[12] *See Del Priore v. Sabo*, No. 19-17806, 2020 WL 1485895, at *8 (D.N.J. Mar. 27, 2020) ("Even setting aside *Rooker-Feldman*, then, the entire controversy doctrine and traditional res judicata doctrines would independently bar plaintiffs' claims here. . . . Because amendment would be futile, this dismissal is entered with prejudice."); *see also Kornafel v. Galloway*, 804 F. App'x 152, 153 (3d Cir. 2020) (affirming district court's dismissal with prejudice on *Rooker-Feldman* and alternative grounds).