NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY KAMDEM-OUAFFO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COLGATE PALMOLIVE CO. *et al.*,<br><br><br>　　　　Defendants. | Civil Action No.: 15-7902<br><br>**OPINION & ORDER** |

**CECCHI**, **District Judge.**

This matter comes before the Court by way of *pro se* Plaintiff Ricky Kamdem-Ouaffo's ("Plaintiff") motion for relief from a judgment or order, pursuant to Federal Rules of Civil Procedure 60(b)(1), (2), (3), (4), and (6). ECF No. 94, 112.[1] Plaintiff seeks relief from this Court's January 31, 2021 opinion and order (the "January 31, 2021 Opinion and Order") dismissing Plaintiff's Third Amended Complaint with prejudice. ECF No. 90, 91. Also before this Court is Plaintiff's "motion for declaratory orders." ECF No. 109. The Court has considered all submissions made in support of and in opposition to the pending motions. The motions are decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's motions are **DENIED**.

---

[1] As noted below, Plaintiff first moved for relief on January 31, 2022 pursuant to Federal Rules of Civil Procedure 60(b)(1), (2), (3), and (6). ECF No. 94. Later, on May 31, 2022, Plaintiff filed an amended motion pursuant to Rule 60(b)(4). ECF No. 112. Because Plaintiff characterizes the second Rule 60(b) motion as an amendment to the first, the Court will consider them together.

1

I.      **BACKGROUND**

This action arises out of Plaintiff's contested claims that his proprietary pet food flavoring information had been stolen and used by others for profit. Plaintiff initially brought this action in 2013 in the Superior Court of New Jersey, alleging various claims against Defendants for what Plaintiff believed was misappropriation of his pet food flavor information. *See Ricky Emery Kamdem Ouaffo t/a Kamdem Group v. Colgate et al.*, Civ. No. MID-L-5527-13, (N.J. Super. Ct., Law Div.). In August 2015, the State Court dismissed Plaintiff's action in its entirety with prejudice. ECF No. 14-2 at 20 ("[T]here is no basis for any of plaintiff's claims contained in his complaint, and accordingly, I'm going to grant the – the motion for summary judgment"). Plaintiff chose not to appeal this decision, and instead initiated the instant federal action on November 4, 2015. ECF No. 1.

In his federal complaint, and three amended complaints filed thereafter (*see* ECF Nos. 1, 16, 46, 59), Plaintiff reasserted essentially the same arguments and claims as he litigated to a final judgment in New Jersey Superior Court—namely, that the Defendants misappropriated his proprietary pet food flavoring information for use in Defendants' own patent applications. On January 31, 2021, this Court dismissed Plaintiff's Third Amended Complaint with prejudice, finding that Plaintiff's claims were barred by the preclusion doctrines of *Rooker-Feldman*, res judicata, and collateral estoppel. ECF No. 90. After Plaintiff filed an appeal on February 1, 2021 (ECF No. 92), the Third Circuit Court of Appeals affirmed this Court's January 31, 2021 Opinion and Order on February 8, 2022. *Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 21-1198, 2022 WL 382032, at *1 (3d Cir. Feb. 8, 2022) (per curiam).

While his appeal was still pending, before the Third Circuit issued its February 8, 2022 decision, Plaintiff filed a Rule 60(b) motion in front of this Court on January 31, 2022 for relief

from the January 31, 2021 Opinion and Order. ECF No. 94. After the Third Circuit issued its affirmance in February 2022, Plaintiff filed an amended Rule 60(b) motion seeking relief from the January 31, 2021 Opinion and Order. ECF 112; *see also* note 1 *supra*. Plaintiff has also since submitted what he characterizes as a "motion for declaratory orders." ECF No. 109.

## II.  LEGAL STANDARD

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. *In re Sebela Patent Litig.*, No. 14-cv-6414, 2020 WL 10964593, at *3 (D.N.J. May 29, 2020) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Whether to grant a Rule 60(b) motion is "left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances." *United States v. Rensing*, No. 12-cv-663, 2022 WL 3227131, at *3 (D.N.J Aug. 10, 2022) (citing *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988)). "A court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided." *Weber v. Pierce*, 186 F. Supp. 3d 324, 328 (D. Del. 2016) (citations and footnote omitted).

However, the Third Circuit has counseled that "when reviewing a Rule 60(b) motion brought following an appeal, district courts are 'without jurisdiction to alter the mandate of [the Third Circuit] on the basis of matters included or includable in [the party's] prior appeal.'" *Bernheim v. Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005) (quoting *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982)). As a result, courts "distinguish between a Rule 60(b) motion based on matters that were before the court on appeal, which may not be reviewed subsequently by the district court, and a Rule 60(b) motion based on matters that come to light after the appellate court has issued a decision, which properly may be reviewed by the district

3

court." *Id.*; *see also Garcia v. Bartkowski*, No. 11-cv-3689, 2016 WL 7013460, at *6 (D.N.J. Nov. 30, 2016). Thus, before this Court may consider Plaintiff's Rule 60(b) motion, it must first decide whether the application is based upon matters that were or could have been brought in Plaintiff's February 2021 appeal to the Third Circuit (ECF Nos. 92, 93) or is based upon matters that came to light after the Third Circuit issued its February 2022 decision. *Robinson v. Hicks*, No. 07-cv-1751, 2012 WL 825329, at *4 (M.D. Pa. Mar. 9, 2012).

### III. DISCUSSION

Plaintiff bases his Rule 60 application on two grounds: first, that an October 2021 United States Patent and Trademark Office ("USPTO") decision regarding a patent application submitted by Defendants contained new evidence warranting reconsideration of this matter (ECF No. 94), and second, that the New Jersey Superior Court had no subject matter jurisdiction over Plaintiff's claims (ECF No. 112). The Court addresses each of Plaintiff's arguments in turn. For the reasons explained further below, Plaintiff's application for relief from the January 31, 2021 Opinion and Order is denied because it advances arguments that were included or were includable in his appeal to the Third Circuit. Moreover, as Plaintiff's Third Amended Complaint was dismissed with prejudice, his appeal denied, and his Rule 60(b) motion denied, the case is closed, and Plaintiff's motion for declaratory orders is denied.

#### A. Rule 60(b) Motion

Beginning with Plaintiff's assertions related to "new evidence," Plaintiff argues that an October 6, 2021 USPTO decision denying a patent application submitted by Defendants purportedly based on Plaintiff's misappropriated proprietary information constitutes "new evidence," warranting relief under Rule 60(b). ECF No. 94-1 at 1. Specifically, Plaintiff contends that the decision is "new evidence" because it was not publicly available until after this Court

issued its January 31, 2021 Opinion and Order. *Id.* Plaintiff avers that this decision "confirm[s]" that Defendants "stole ideas" from Plaintiff. *Id.* Plaintiff further argues that upon learning that the USPTO denied Defendants' application, he "requested them to collaborate with [him] to secure a patent . . . on those claims because [he] had data all along to support those claims." *Id*. at 2. Plaintiff argues that Defendants' decision to reject his request "shows clearly" that Defendants have been acting in bad faith and have tortiously interfered with Plaintiff's business. *Id*. Accordingly, based on this "new" evidence, Plaintiff contends relief is warranted.

Plaintiff's argument that the USPTO's October 2021 determination purportedly contained "new evidence" confirming that Defendants misappropriated his intellectual property, thus justifying relief, is without merit. ECF No. 94. Plaintiff knew of the October 2021 determination at the latest in January 2022 when he raised this evidence in his initial motion for reconsideration before this Court (*id.*), prior to the Third Circuit issuing a decision on his appeal the following February. Where, like here, a plaintiff files a Rule 60(b) motion after he appeals a district court decision but before the Circuit renders an appellate decision, district courts have found they have no jurisdiction to consider the Rule 60(b) motion. *See Reardon v. Zonies*, No. 15-cv-8597, 2018 WL 3352924, at *2 (D.N.J. July 9, 2018); *see also Rowe v. Giroux*, No. 13-cv-2444, 2019 WL 11788698, at *1 (M.D. Pa. Mar. 5, 2019). As such, insofar as Plaintiff requests relief on the grounds that he has presented new evidence, that request is denied. *Reardon*, 2018 WL 3352924, at *2 (quoting *Berheim*, 144 F. App'x at 222).

Turning next to Plaintiff's contentions regarding the Superior Court's jurisdiction to hear his claims, Plaintiff first asserts that Rule 60(b) relief is warranted because "the State Court lacked Original Subject Matter Jurisdiction with regard to determination of the true source or the inventor of novel patent claims identified by the Patent Cooperation Treaty ("PCT") in a PCT Patent

5

Application." ECF No. 112 at 1. Specifically, Plaintiff argues a 2012 PCT determination purportedly adopted by the USPTO stating that Defendants "failed to prove inventorship of the novel patent claims in [their] Patent Application" constituted a "clear rejection and rebuke of State Court Judge Leblon's improper attempts to improperly exercise Original Subject Matter Jurisdiction in the way he did in Opining in 2015." *Id.* at 2; *see also* ECF No. 112 at 1 (citing ECF No. 102 at 23–27). Nevertheless, as with the October 2021 USPTO decision, given the PCT determination was published before the Circuit issued its affirmance, Plaintiff could have included it in his appeal. *Robinson*, 2012 WL 825329, at \*4–\*5. Accordingly, Plaintiff's Rule 60(b) motion is denied to the extent Plaintiff argues relief is justified based on the 2012 PCT determination.

Additionally, it appears that Plaintiff also argues Rule 60(b) relief is warranted because Plaintiff removed this action to federal court before the state court rendered a decision and thus the Superior Court retained no subject matter jurisdiction over his claims. *See* ECF Nos. 99 at 7–13, 112 at 1 (citing ECF No. 102 at 23–27).[2] However, Plaintiff already raised this argument in his appeal of the January 31, 2021 Opinion and Order to the Third Circuit. Specifically, he contended that this Court erred in dismissing his action on preclusion grounds because it failed to correctly address what Plaintiff asserted were various deficiencies with his state court proceedings, including that the New Jersey Superior Court ultimately lacked jurisdiction over his claims as

---

[2] The Court notes that while there is no notice of removal in this case, Plaintiff previously sought to remove his state case to federal court pursuant to 28 U.S.C. § 1454, arguing that the federal courts had original and exclusive jurisdiction over his patent-related claims. *Kamden-Ouaffo v. Naturasource Int'l, LLC*, No. 15-cv-6290, 2015 WL 5722837, at \*1 (D.N.J. Sept. 29, 2015) (Thompson, J.). After Plaintiff filed the notice of removal, Defendants moved before the presiding judge, the Honorable Anne Thompson, to remand the action. *Id.* Subsequently, Judge Thompson granted Defendants' motion to remand because: 1) the court had no diversity jurisdiction, as Plaintiff and at least one of the defendants were citizens of New Jersey; 2) the court had no subject matter jurisdiction, as his complaint did not assert any claims arising under patent or any other federal law; and 3) Plaintiff's notice of removal was untimely. *Kamden-Ouaffo*, 2015 WL 5722837, at \*2–\*3.

Plaintiff removed the action to federal court. *See generally Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 21-1198, ECF Nos. 13, 28 (3d Cir. 2021). And indeed, the Third Circuit denied Plaintiff relief on this ground. *Kamdem-Ouaffo*, 2022 WL 382032, at *2 n.4. Therefore, insofar as Plaintiff's motion is based on failure to properly consider removal of the state court action to federal court, the motion is denied.

Even if this Court had jurisdiction to consider the pending motion for relief pursuant to Rules 60(b)(1), (2), (3), (4), and (6), Plaintiff's motion must still fail. The Court finds that as the Third Circuit has affirmed this Court's January 31, 2021 Opinion and Order, there has been no "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1) or that the January 31, 2021 Opinion and Order were void pursuant to Rule 60(b)(4) to warrant relief. Moreover, the "new" evidence presented by Plaintiff does not change the Court's determination that his claims are precluded and thus the evidence fails to meet Rule 60(b)(2)'s requirement that presentation of new evidence justifies relief when it "would probably have changed the outcome of the [case]." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). Further, relief is not appropriate based on Rule 60(b)(3) because Plaintiff has not established that "[1] the adverse party engaged in fraud or other misconduct, and [2] this conduct prevented the moving party from fully and fairly presenting his case." *Floorgraphics Inc. v. News Am. Marketing In-Store Servs., Inc.*, 434 F. App'x 109, 111–112 (3d Cir. 2011) (quoting *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983)). Finally, Plaintiff has not demonstrated, as is required to obtain relief under Rule 60(b)(6), that this case represents an "extraordinary circumstance[] where . . . an extreme and unexpected hardship would occur" by denying the motion. *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Accordingly, Plaintiff's motion for relief pursuant to Rules 60(b)(1), (2), (3), (4), and (6) (ECF Nos. 94, 112) is denied.

### B. Motion for Declaratory Orders

The Court notes that also before it is Plaintiff's "motion for declaratory orders" wherein Plaintiff requests this Court declare that the "New Jersey Superior Court's Summary Judgment Orders issued in the year 2015 by the Superior Court of the State of New Jersey in Plaintiff's State Court civil action . . . are Void." ECF No. 109 at 7. Because Plaintiff's Third Amended Complaint was dismissed with prejudice, his appeal denied, and, as discussed above, his motion for relief pursuant to Rule 60(b) denied, this case is closed, and Plaintiff's motion for declaratory orders (ECF No. 109) must also be denied.

### IV. CONCLUSION

Accordingly, **IT IS** on this 27th day of September, 2022;

**ORDERED** that Plaintiff's motion for relief pursuant to Federal Rules of Civil Procedure 60(b)(1), (2), (3), (4), and (6) (ECF Nos. 94, 112) and motion for declaratory orders (ECF No. 109) are **DENIED**.

**SO ORDERED**.

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**