NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY KAMDEM-OUAFFO, | : |
| Plaintiff, | : Civil Action No.: 15-7902 |
| v. | : |
| | : **OPINION & ORDER** |
| COLGATE PALMOLIVE CO., *et al.*, | : |
| Defendants. | : |

**CECCHI, District Judge**

### I.   INTRODUCTION

On January 31, 2021, this Court dismissed with prejudice *pro se* Plaintiff Ricky Kamdem-Ouaffo's ("Plaintiff") Third Amended Complaint under the doctrines of *Rooker-Feldman*, res judicata and collateral estoppel. ECF No. 90 at 14. On February 8, 2022, the Third Circuit Court of Appeals affirmed this Court's dismissal. ECF Nos. 96, 121. While Plaintiff's appeal was pending, he filed his first motion for reconsideration of this Court's dismissal on several grounds. ECF No. 94. Soon thereafter, Plaintiff filed a second motion for reconsideration (ECF No. 112) and what he characterizes as a "motion for declaratory orders" (ECF No. 109). On September 27, 2022, this Court considered and denied Plaintiff's two reconsideration motions and motion for declaratory orders. ECF No. 122. Now, Plaintiff comes before the Court by way of his third motion for reconsideration. ECF No. 123. Plaintiff filed an amended brief (ECF No. 124) in support of his motion, Defendants Colgate-Palmolive Co. and Hill's Pet Nutrition, Inc. ("Defendants") filed a letter brief in opposition to Plaintiff's motion and in support of their request to impose a filing injunction on Plaintiff (ECF No. 125), and Plaintiff filed a reply and

supplemental letter (ECF Nos. 126-27). The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's third motion for reconsideration is **DENIED**.

## II.     BACKGROUND

This action arises out of Plaintiff's contested claims that his proprietary pet food flavoring information had been stolen and used by others for profit. Plaintiff initially brought this action in 2013 in the Superior Court of New Jersey, alleging various claims against Defendants for what Plaintiff believed was misappropriation of his pet food flavoring information. *See Ricky Emery Kamdem Ouaffo t/a Kamdem Group v. Colgate et al.*, Civ. No. MID-L-5527-13 (N.J. Super. Ct., Law Div.). In August 2015, the State Court dismissed Plaintiff's action in its entirety with prejudice. ECF No. 14-2, Ex. A at 28:9-11 ("[T]here is no basis for any of plaintiff's claims contained in his complaint, and accordingly, I'm going to grant the – the motion for summary judgment"). Plaintiff chose not to appeal that decision, and instead initiated the instant federal action on November 4, 2015. ECF No. 1.

In his federal complaint, and three amended complaints filed thereafter (*see* ECF Nos. 1, 16, 46, 59), Plaintiff reasserted essentially the same arguments and claims he litigated to a final judgment in the New Jersey Superior Court—namely, that Defendants misappropriated his proprietary pet food flavoring information for use in Defendants' own patent applications. As noted above, this Court dismissed Plaintiff's Third Amended Complaint with prejudice, finding that Plaintiff's claims were barred by the doctrines of *Rooker-Feldman*, res judicata and collateral estoppel. ECF No. 90. The Court of Appeals affirmed that ruling. *Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 21-1198, 2022 WL 382032, at *2 (3d Cir. Feb. 8, 2022) (per curiam).

In his first set of Rule 60(b) motions previously adjudicated by the Court, Plaintiff sought relief on two grounds: first, that an October 2021 United States Patent and Trademark Office ("USPTO") decision regarding a patent application submitted by Defendants contained new evidence warranting reconsideration of this matter (ECF No. 94); and second, that the New Jersey Superior Court had no subject matter jurisdiction over Plaintiff's claims (ECF No. 112). This Court denied Plaintiff's Rule 60(b) motions on jurisdictional and substantive grounds. In particular, the Court found that (i) it had not caused "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1); (ii) there was no basis to find the Court's January 2021 Opinion and Order void under Rule 60(b)(4); (iii) the allegedly "new" evidence presented by Plaintiff pursuant to Rule 60(b)(2) did not change the Court's preclusion determination; (iv) Plaintiff did not show fraud or misconduct under Rule 60(b)(3); and (v) Plaintiff did not show "extraordinary circumstances" warranting relief under Rule 60(b)(6). *Id.* The Court also found it appropriate to deny Plaintiff's motion for declaratory orders. *Id.* at 8. The Court now turns to Plaintiff's most recent motion for reconsideration.

### III.   LEGAL STANDARD

A party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). The Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations and brackets omitted). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. V. Penson Fin. Servs., Inc.*, No. 09-CV-4590, 2010 WL

3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)).

"[R]econsideration is an extraordinary remedy, that is granted '*very sparingly*.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (emphasis added) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). "Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.,* 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 353).

### IV.  DISCUSSION

Plaintiff now seeks reconsideration for a third time on substantially similar grounds as were raised in his first two Rule 60(b) motions. Each basis for reconsideration suggests that the Court either overlooked or erred in applying relevant controlling law. *See generally* ECF Nos. 123-1, 124. In response, Defendants argue that Plaintiff "has not come close to meeting his burden to show reconsideration is warranted" because his motion "largely regurgitates the same arguments that the Court already considered and rejected." ECF No. 125 at 2. Defendants request that this Court enter an order directing Plaintiff to show cause why it should not enter a filing injunction against him in this case. *Id.* In support of this request, Defendants cite Plaintiff's inappropriate comments against court officials in his briefing.[1] *Id.*

---

[1] For example, in support of his motion for reconsideration, Plaintiff asserts that the Third Circuit Court of Appeals would only "credit" Plaintiff's "argument to the extent that it does not conflict with the Circuit Judges' personal financial, improper sexual intercourse, and political interests with [Defendant] Colgate Palmolive Company and its co-defendants." ECF No. 124 at 10. Additionally, in his reply, Plaintiff asserts that prior Court opinions and orders have "been about SEX and MONEY, and nothing else about the laws of the United States." ECF No. 126 at 4. As stated in prior opinions, the Court is in no way influenced by

4

### a. Motion for Reconsideration

Plaintiff's current motion reiterates that "new evidence further confirms [his prior] allegation of bad faith" against Defendant.[2] ECF No. 123-1 at 6. Specifically, Plaintiff points to the USPTO's denial of Defendants' patent application, which Plaintiff alleges is evidence that Defendant stole Plaintiff's proprietary information. *Id.* at 4-6. However, upon review of the same purportedly "new evidence," this Court previously found that Plaintiff failed to adequately state a basis for relief under Rule 60(b)(1), (2), (3), (4) and (6). ECF No. 122 at 7. The Court's conclusion has not changed. As the state court aptly observed when Plaintiff raised this same argument before it, the USPTO's patent application decision is devoid of any reference to Plaintiff and made no finding that Plaintiff was the patent's inventor or that Defendants stole Plaintiff's proprietary information. *See* ECF No. 110-1 at 16:1-6; 20:19-25. The mere fact that the USPTO denied Defendants' patent application had no impact on the state court's judgment and, accordingly, has no impact on this Court's prior finding that it was precluded from addressing claims that were fully litigated in state court. ECF No. 90 at 11-12; *see also* ECF No. 110-1 at 20:19-25 (state court finding that USPTO decision has no impact on its prior rulings).

In addition, as he did in his initial Rule 60(b) motions, Plaintiff again claims that relief is warranted because the Superior Court of New Jersey lacked subject matter jurisdiction over his claims. ECF No. 123-1 at 4-5. The Court rejects Plaintiff's argument. As the Court noted in its 2022 Opinion and Order, Plaintiff's prior attempt to argue that there was exclusive federal court

---

these inappropriate comments and continues to liberally construe Plaintiff's *pro se* pleadings and examine the relevant arguments made therein.

[2] Plaintiff's purportedly new evidence, the USPTO's October 2021 patent application denial, arose after this Court entered final judgment but just before the Court of Appeal's ruling on appeal. Notwithstanding any prior challenges to the timeliness of Plaintiff raising the USPTO's decision, the Court will again address the underlying merits of Plaintiff's requests for relief.

jurisdiction over his claims was rejected because "Plaintiff's Complaint in the Superior Court of New Jersey did not assert any patent claims" or other claims arising under "any other federal law." *Kamdem Ouaffo v. Naturasource Int'l, LLC*, No. 15-CV-6290 , 2015 WL 5722837, at \*2 (D.N.J. Sept. 29, 2015); ECF No. 122 at 6 n.2. For that reason, the Honorable Anne E. Thompson, U.S.D.J. remanded Plaintiff's case back to state court in 2015.[3] *See Kamdem Ouaffo*, 2015 WL 5722837, at \*3; *see also* ECF No. 110-1 at 20:2-18 (state court rejecting Plaintiff's same subject matter jurisdiction argument). Nothing in Plaintiff's present motion upsets these prior holdings.[4]

    Plaintiff otherwise offers no new argument as to why the Court's prior ruling on these grounds (i) was impacted by an intervening change in controlling law, (ii) is improper because of new evidence not available at the time of Plaintiff's Rule 60(b) motions, or (iii) requires correction to remedy a clear error of law or otherwise prevent manifest injustice. *See N. River Ins. Co.*, 52 F.3d at 1218. Instead, Plaintiff merely restates the arguments made in his first two motions for reconsideration and asks that this Court reach a different result. Plaintiff's re-litigation of the same arguments because he disagrees with the Court's initial ruling is an improper basis upon which to move for reconsideration. *P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 352-53.

    Finally, Plaintiff's argument that he is entitled to declaratory orders is also without merit. Plaintiff sought an order declaring that the "New Jersey Superior Court's Summary Judgment Orders issued in the year 2015 . . . in Plaintiff's State Court civil action . . . are Void." ECF No.

---

[3] In fact, Plaintiff sought reconsideration of Judge Thompson's remand order in light of the Third Circuit's February 2022 ruling, which Judge Thompson denied. ECF No. 111-4 at 2.

[4] Insofar as Plaintiff continues to argue that the state court lacked jurisdiction because it granted summary judgment against him after he removed the case to federal court, the Court need not address this argument. As the Court of Appeals found in declining to consider the issue, Plaintiff "did not raise this particular argument in the District Court" prior to its January 2021 dismissal of the case. *Kamdem-Ouaffo*, 2022 WL 382032, at \*2 n.4; *Bowers v. Nat. Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (noting that motions for reconsideration "are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving papers").

109 at 7. As noted in the September 2022 Opinion and Order, Plaintiff's Third Amended Complaint was dismissed with prejudice, his appeal was denied, and his motions for relief pursuant to Rule 60(b) were also denied. ECF No. 122 at 8. Because the Court also denies the instant motion for reconsideration, Plaintiff's case remains closed, and his motion for declaratory orders must also be denied.

For the reasons set forth above, Plaintiff's third motion for reconsideration is denied.

### b. Defendants' Request for a Filing Injunction

The Court will not impose a filing injunction on Plaintiff at this time.[5] However, the Court reminds Plaintiff of the need to refrain from seeking relief without a good-faith basis, re-stating arguments already adjudicated, or asserting unsubstantiated and inappropriate allegations against the courts or parties. *See Hill v. Lycoming Cnty. Government*, No. 21-2214, 2022 WL 767036, at *1 (3d Cir. Mar. 14, 2022) ("Under the All Writs Act . . . district courts may impose injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation."); *S.E.C. v. Gentile*, No. 16-CV-01619, 2022 WL 901467, at *2 (D.N.J. Mar. 28, 2022) ("[A] filing injunction . . . gives district courts power to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated.").

---

[5] The Court notes that Plaintiff is already subject to at least one filing injunction in a set of separate actions in this District as a result of his "voluminous filings . . . continued failure to abide by Court Orders and procedural rules, and repeated attempts to lengthen litigation without merit." *See Ricky Kamdem-Ouaffo v. Campbell Soup Co., et al.*, No. 18-CV-00298, ECF No. 221 at 1 (D.N.J. Dec. 13, 2022) (requiring Court's consent for future filings in "the same or similar matters as those addressed under Docket Nos. 1:17-cv-07506, 1:18-cv-00298, 1:18-cv-13119, and 1:22-cv-03285").

## V. CONCLUSION

Accordingly, **IT IS** on this 30th day of June, 2023,

**ORDERED** that Plaintiff's third motion for reconsideration (ECF No. 123) is **DENIED**; and it is further

**ORDERED** that Defendants' request that the Court enter an order directing Plaintiff to show cause why he should not be barred from making future filings in this case is **DENIED**; and it is further

**ORDERED** that this action shall remain **CLOSED**.

**SO ORDERED**.

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**
